## STATE v. ABNER CRAM.

### MAY TERM, 1895.

*Joint trial. Declarations of one respondent. Respondent limited in supreme court to exceptions taken.*

1. When two respondents are jointly tried, whatever is admissible against one may be received upon the trial of both under proper restrictions.

2. The respondent and one Bow were jointly tried for murder. Upon the trial the state offered in evidence the declarations of Bow. The respondent excepted upon the ground that they were not admissible as against him. *Held*, that he could not in supreme court raise the question whether they were admissible as against Bow.

Indictment for murder against the respondent and James Bow. Plea, not guilty. The respondents were tried jointly at the September term, Orleans county, 1894, TYLER, J., presiding. Bow was acquitted and the respondent found guilty of manslaughter. The respondent excepts.

The state offered in evidence the declarations of Bow, made after the alleged killing and not in the presence of the respondent. The respondent objected for that they were not admissible as against him. The evidence was admitted as against Bow, and the jury were instructed that they must consider it only as against him. To the admission of this evidence as above the respondent excepted.

*H. F. Graham* and *John W. Redmond* for the respondent.

The declarations of Bow were not admissible against the respondent. Being admitted, they had their effect upon the minds of the jury which the charge of the court could not remove. *State* v. *Meader*, 54 Vt. 127; *Stirling* v. *Stirling*, 41 Vt. 80; *Wood* v. *Willard*, 36 Vt. 82; *Hodge* v. *Bennington*, 43 Vt. 450; 1 Thomp., Jury Trials, s. 687.

*O. S. Annis*, state's attorney, and *W. W. Miles* for the state.

The exception of the respondent was that the declarations were inadmissible as to him, and he cannot now insist that they were inadmissible as to Bow. 1 Bish., Cr. Prac., s. 959; *State* v. *Stoughton et al*, 51 Vt. 362; *State* v. *Meaker*, 54 Vt. 112; *United States* v. *Marchant & Colson*, 12 Wheat. 480.

The evidence was admissible, and it was the duty of the court to receive it, and properly limit its use by instruction to the jury. 1 Greenl., Ev., ss. 170, 171; *Reed* v. *Rice*, 25 Vt. 171; *Rooney* v. *Minor*, 56 Vt. 527; *State* v. *Mahon*, 32 Vt. 491.

MUNSON, J. The respondent Cram and James Bow were jointly indicted for murder. Neither asked for a separate trial, and the two were tried together. Whatever was admissible against one was admissible on the trial of both, under proper restrictions as to its effect. This included evidence of any statements of Bow which had a legitimate tendency to incriminate him, even though of a character prejudical to Cram. *State* v. *Fuller*, 39 Vt. 74.

But it is insisted that some parts of the statements shown to have been made by Bow were not admissible as against him, and were for that reason improperly in the case. The exception taken does not permit a consideration of this question. The position of one respondent in relation to the conduct and admissions of the other first came up in connection

with an offer of the state to show the movements and say-
ings of the respondent Cram.    This was objected to on be-
half of the respondent Bow, and a discussion was had in
regard to the admissibility of evidence of this character.
At the close of this discussion the court announced that evi-
dence of the admissions and acts of one respondent would
be received as bearing upon the guilt of·that respondent,
and that it would be treated as received subject to the excep-
tion of the other respondent.    When evidence of the same
character was offered in regard to the respondent Bow, it
was asked in behalf of the respondent Cram if the previous
ruling and exception applied, and the court stated that they
did.  No objection was made other than that indicated.  The
court was nowhere called upon to make any distinction sub-
ordinate to the general ruling above stated.   The exception
taken was on the ground that the admissions of Bow were
not evidence against Cram, and so should not be received.
No exception was taken to the proof of any statement on the
ground that it was not evidence against Bow, and should be
excluded for that reason.    So the question whether all the
statements shown to have been made by Bow were receiv-
able as admissions is not before us and is not considered.

It is not necessary to consider whether the exceptions in-
serted after thirty days, and provisionally allowed, are be-
fore us ; for all the questions raised in regard to them are
presented by the original bill.

*Judgment that there is no error in the proceedings of the
county court, and that respondent take nothing by his excep-
tions.*

Rowell, J., absent in county court.