# W. F. WELLS v. STATE.

No. A-530.   Opinion Filed February 6, 1911.

(113 Pac. 210.)

1.   GRAND JURY—Impaneling—Compliance with Statute. A substantial compliance with the statute with reference to impaneling grand jurors is all that the law requires.

2.   TRIAL—Instructions on Punishment. It is error for a trial court to substitute in instructions to the jury a different and higher punishment for an offense than that prescribed by the statute.

3.   EVIDENCE—Opinion Evidence—Hearsay. (a) It is error to allow a witness to testify that he thought there was something crooked about a draft with reference to which he was testifying.

(b) It is error to allow a witness to introduce as a part of his testimony letters which he had received from persons other than the defendant.

4.   EVIDENCE—Declaration of Co-Conspirators—Opinion Evidence.
     (a) Declarations made by a co-conspirator after a conspiracy
     has terminated are not admissible against a defendant on trial.
          (b) Where a witness testified to certain statements made by
     him and further testified that he did not know what was meant by
     said statement, it is error to allow the witness to testify as to
     what he understood the statement to refer to.

5.   EVIDENCE—Acts of Co-Conspirator. Acts done by a co-conspir-
     ator after the termination of the conspiracy are not admissible
     in evidence against a defendant, unless the defendant was present
     and had knowledge of said acts, or it is proven that he was in
     some way connected therewith.

     (Syllabus by the Court.)

*Appeal from District Court, McClain County; R. McMillan,
Judge.*

W. F. Wells was convicted of burglary, and he appeals. Re-
versed and remanded.

*Wadlington & Wadlington,* for appellant.
*Ben F. Franklin,* Co. Atty., for the State.

FURMAN, PRESIDING JUDGE. First. Appellant filed a mo-
tion to set aside the indictment upon the ground that the trial
court had erred in the matter of impaneling the grand jury. The
action of the court in impaneling this grand jury was fully dis-
cussed in the case of *State v. Pollock,* (decided at the present
term), *infra,* 113 Pac. 207. The facts involved in so far as they
are material are fully stated in that case, and it would be a use-
less waste of time and space to restate them here. We there
held that the action of the court in impaneling this grand jury
was in substantial compliance with the statute, and was there-
fore sufficient. See *State v. Pollock, infra.* The court did not
err in refusing to set aside the indictment in this case.

Second. The indictment in this case is for burglary in the
second degree. Upon the trial the court instructed the jury that,
if they found the defendant guilty, they might assess his punish-
ment at imprisonment for not less than 7 nor more than 20 years
in the penitentiary. This is the punishment provided for burglary
in the first degree. The punishment for burglary in the second

degree is not less than two nor more than seven years' imprisonment. The record does not show that the defendant saved an exception to the charge of the court in this respect. In his motion for a new trial defendant did not complain of this instruction. Many errors committed by a trial court may be cured by the consent of the defendant, evidenced by the fact that no objection was made or exception thereto saved at the proper time. But we do not believe that even with the consent of the defendant a verdict should stand where the court has substituted a greater and a different punishment in the instruction than that provided by law.

Third. Upon the trial of this case George White, a witness for the state, testified that he found on the person of defendant at the the time of his arrest a draft for $40 drawn on the Central Missouri Trust Company, and made payable to A. J. Rud, which draft was indorsed by the said A. J. Rud to the defendant. Said witness, over the objection and exception of the defendant, was permitted to testify that the defendant directed him to turn said draft over to the attorney for the defendant, and that the witness refused to do this because he thought that there was something crooked about the draft, and witness wished to investigate the matter further. The witness was permitted to introduce in evidence a number of letters which he had received from the Central Missouri Trust Company with reference to said draft. It was improper to allow the witness to tell what he thought about the draft, as this was a mere expression of his opinion. It was also improper to allow the state to introduce in evidence the letters which the witness had received with reference to said draft. This was all purely hearsay evidence, and should have been excluded.

Fourth. When the state's witness H. T. McCarty was on the stand, he testified that he had a conversation with Freeman Carter, who was joined with the defendant in the indictment in this case. The conversation occurred on the day after said Carter was arrested upon this charge, and that said Carter then told said witness that he thought everything was in the clear,

and the witness was further permitted to testify that he did not know what said Carter meant by this, but that he understood it to refer to a trunk of clothing which the officers had found at the house of J. T. Jenkins. This evidence should have been excluded for two reasons: First. The declarations of a co-conspirator are not admissible in evidence against a party upon trial when they are made after the conspiracy has terminated. Second. It was improper to allow the witness to testify as to what he understood the remarks made by Carter referred to, and the objections to such evidence should have been sustained.

Fifth. When J. H. Jenkins, a witness for the state, was on the stand, he testified to purchasing some clothing from Will Carter in the town of Comanche. This was after the conspiracy, if any had existed between defendant and said Carter, had expired, and such evidence as to what was done by the said Will Carter was therefore not admissible against the defendant, unless the defendant was present, and had knowledge of or was in some way connected therewith. Defendant's objection to this evidence should have been sustained.

The evidence in this case is such that we are of the opinion that the defendant was injured by the errors hereinbefore pointed out.

The judgment of the lower court is therefore reversed, and the cause is remanded for a new trial.

ARMSTRONG and DOYLE, JUDGES, concur.