## JOHN GONZALUS v. STATE.

No. A-1202.    Opinion Filed May 25, 1912.

(123 Pac. 705.)

1.  **APPEAL—Waiver of Objections.** It is essential that all points upon which counsel rely for the reversal of a case be presented to the court in the brief or oral argument; and when not so presented they are waived.

2.  **EVIDENCE — Admissibility — Joint Defendants.** Where two or more defendants are jointly upon trial, any evidence is admissible which legally tends to prove that either of the defendants is guilty of the crime charged, although such evidence might not be admissible against the other defendant or defendants if they were being separately tried.

3.  **TRIAL—Joint Defendants—Evidence Admissible as to One—Instructions.** Where two or more defendants are being jointly tried for the commission of an offense, and any evidence is introduced which tends to prove the guilt of one of the defendants, and which is admissible for that purpose, but would not be admissible against the others if they were separately tried, it is the duty of the

trial court to admonish the jury that they should limit their consideration of such evidence as tending to prove the guilt of the defendant against whom it was admitted, but that they should not consider it as testimony against the other defendants.

4. **SAME—Joint Indictment—Election—Separate Trial.** Where two or more defendants are jointly indicted for a felony, any of such defendants requesting it must be tried separately. In this way, either of the defendants can prevent the reception of any evidence, except that which is admissible against him alone. But where such defendants elect to be tried jointly, they cannot be heard to object to the introduction of evidence which is admissible against any of them, upon the ground that it would not be admissible against some of the defendants if tried separately.

5. **EVIDENCE—Admissibility—Instructions.** Where the admissibility of evidence presents a mixed question of law and fact, it is proper for the court to submit the admissibility of such evidence to the jury in the instructions, and inform them that, if they find, under the rules given by the court in such instructions, that such evidence was admissible, then they should consider it in determining the question of the guilt or innocence of the defendant; but, if they do not so find, they should reject such testimony and not consider the same against the defendant.

(Syllabus by the Court.)

*Appeal from District Court, Comanche County; J. T. Johnson, Judge.*

John Gonzalus was convicted of murder, and appeals. Affirmed.

*Jennings & Ross,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., *Joseph L. Hull,* and *W. C. Henderson,* for the State.

FURMAN, P. J. In this case, the appellant, John Gonzalus, and one Lorenzo Bentz were jointly prosecuted by information for the murder of one A. M. Mitchell. Upon the trial, the defendant Lorenzo Bentz was found not guilty by reason of insanity; but appellant was convicted of murder, and his punishment was assessed by the jury at imprisonment in the state penitentiary for life.

A great number of questions were brought up to this court by the petition in error; but in the brief filed by counsel for appellant only one question is raised. The other assignments

of error, therefore, have been abandoned.  See *Price v. State,* 5 Okla. Cr. 147, 113 Pac. 1061; *Warren v. State,* 6 Okla. Cr. 1, 115 Pac. 812; *Morrison v. State, infra,* 123 Pac. 169.

Upon the trial of this case, the state introduced in evidence a confession made by the defendant Lorenzo Bentz.  To this confession counsel for the defendants objected, first, that it was hearsay testimony; second, that the confession was not a voluntary statement upon the part of the defendant Lorenzo Bentz, but was obtained from him by undue influence; third, because the defendant Lorenzo Bentz, by reason of his mental infirmity, was incompetent to testify as a witness.  The first objection is not well taken.  This confession certainly was not hearsay as against the defendant Bentz; and, as they were jointly tried, the fact that it was hearsay as to appellant in no manner affected its admissibility.

Section 6830, Comp. Laws 1909, is as follows:

"When two or more defendants are jointly indicted for a felony, any defendant requiring it must be tried separately.  In other cases defendants jointly prosecuted may be tried separately or jointly, in the discretion of the court."

If appellant had desired it, under this section of the statute, he could have secured a separate trial.  Upon such separate trial of appellant, this objection would have been good; but, as he elected to be tried with his codefendant, Bentz, he cannot now be heard to complain that the confession of Bentz was hearsay. After the testimony of the confession was admitted, the court said to the jury:

"Gentlemen of the jury, with reference to the testimony of this witness as to the conversation had between this witness and Bentz and the party referred to as Harkins in the presence of the defendant Bentz, you will not consider this as being testimony in this case against the defendant John Gonzalus, but only consider it as testimony in the case against the defendant Lorenzo Bentz."

The court went further, and in its instructions to the jury informed them that they could not consider the confession of Lorenzo Bentz as evidence against the defendant John Gonzalus. This was all that appellant had a right to demand.

"When A's confession, for example, implicates also a co-defendant, B, it is allowed to be read against A, under express instructions to the jury not to consider it as affecting B." (Wigmore on Evidence, sec. 1076.)

See, also, *Commonwealth v. Blood*, 141 Mass. 571, 6 N. E. 769; *Commonwealth v. Rogers*, 181 Mass. 184, 63 N. E. 421; *Blackman v. State*, 36 Ala. 295; *Commonwealth v. Bishop*, 165 Mass. 148, 42 N. E. 560; *State v. Cram*, 67 Vt. 650, 32 Atl. 502; *State v. Fournier*, 68 Vt. 262, 35 Atl. 178.

There is absolutely nothing in this record to indicate that the jury did not obey the instructions of the court. It is not contended by counsel for appellant that their client is not guilty of the charge of which he was convicted, and that the legal evidence in the case does not fully sustain the verdict of the jury. We are of the opinion that if the jury had considered the confession of Lorenzo Bentz as evidence against appellant they would have assessed his punishment at death. Verdicts previously rendered in the district court of Comanche county establish the fact that juries of that county fearlessly discharge their duty without reference to sickly sentimentality, and do not hesitate to inflict the penalty of death where it is warranted by the law and evidence. The fact that appellant was not sentenced to death shows that this jury followed the instructions of the court in considering the guilt or innocence of appellant, and excluded the confession of the defendant Lorenzo Bentz and confined themselves entirely to the testimony which was legally admitted against appellant.

The second and third objections to the confession of the defendant Lorenzo Bentz need not be discussed at length, because they in no manner affect the rights of appellant. Only those persons can be heard to complain of an error in the ruling of a trial court who have been injured thereby. We will state, however, that we have examined the record, and find that the trial court was fully justified in the ruling made.

The trial court, through abundant caution, gave the following instruction to the jury with reference to the evidence complained of:

"Some evidence has been introduced in this case tending to prove that on the Monday following the homicide that the defendant Lorenzo Bentz made a confession to and in the presence and hearing of S. A. Elrod, James Harkins, Frank Cox, Tom Barker, and Holden Miller, in which confession he stated that he was present when the homicide was committed and at the time and place charged in the information, and that he participated in the killing of the deceased, and that the deceased was killed by shooting with a pistol and beating with a hammer, as charged in the information; and in reference to such confession of the defendant Lorenzo Bentz the court charges you as follows: 'That, before you can consider such confession as evidence against the defendant Lorenzo Bentz, you must find from the evidence, beyond a reasonable doubt, that he made such confession, and that the same was voluntarily made on his part, and by being voluntarily made is meant that he made the same without duress, or inducement, promise, threat, or advice, or influence overcoming his will, and that at the time he made the same he was of sound mind (that is, that he possessed such mental poise as to render him capable of knowing right from wrong and the nature and quality of his sayings and doings at the time), and if you so find, beyond a reasonable doubt, then you are to consider such confession in passing upon the guilt or innocence of the defendant Lorenzo Bentz; but you are instructed that you cannot consider such confession as evidence against the defendant John Gonzalus.' "

This instruction was more favorable to the defendant than the law requires, because it required the jury to find, beyond a reasonable doubt, the existence of the facts which would make such testimony competent. The doctrine of reasonable doubt does not apply to such issues, as will be seen from the following cases:

In the case of *Walker v. State*, 7 Tex. App. 264, 32 Am. Rep. 595, that court said:

"The question as to whether this confession was freely and voluntarily made was, it seems, twice passed upon in the trial; first by the judge, when he admitted it in evidence, and then again by the jury under the following charge from the court: 'In regard to the evidence of the confession of the defendant, you are charged that you will consider such evidence, if you find that one was freely and voluntarily made by defendant after he had first been cautioned that such confession might be used

against him; but if you believe that defendant made a confession, but it is not shown to have been freely and voluntarily made, or if it is shown by the evidence to have been made upon compulsion or persuasion, you will reject it from your consideration in making up your verdict.' Whether it was a question alone for the judge or alone for the jury to pass upon, it is unnecessary to decide, since it seems to have been passed upon by both. *Hauck v. State,* 1 Tex. App. 357; *People v. Estrado,* 49 Cal. 171."

The same doctrine was reaffirmed in the case of *Nichols v. State,* 32 Tex. Cr. App. 391, 23 S. W. 680.

In the case of *Rains v. State,* 33 Tex. Cr. App. 297, 26 S. W. 398, the court said:

"This is a conviction for arson. Without the confession of the accused, the evidence is not sufficient to support this conviction. Deputy Sheriff Watts swears that he cautioned accused, and, this being so, the confessions were admissible; but there are strong circumstances in this record which tend to show that Watts had not cautioned the defendant at any time. Under this condition, the court should have instructed the jury that, if they believed, that Watts had cautioned the accused before the latter made the confession, then such confession should be considered by them, together with all other evidence before them; but, if they believed that the accused had not been so cautioned, they should entirely disregard the confessions."

This opinion was by Judge Hurt, than whom no appellate judge ever more carefully guarded the technical rights of a defendant.

This court in the case of *Coleman v. State,* 6 Okla. 252, 118 Pac. 594, sustained the action of the trial court in submitting the materiality of certain testimony to the jury in a perjury case, where the materiality of such testimony was a mixed question of law and fact. Even if we were in doubt as to the admissibility of this evidence, which we are not, this doubt would be conclusively resolved against the defendant by the fact that it was submitted to the jury by the instructions of the court.

We have looked over the entire record in the case, and do not find any material error therein. The habit of reversing cases upon light and trivial grounds is to be reprehended from every standpoint. While it is true that a price should never be

placed upon the administration of justice, and no man who has been unjustly convicted should ever be denied a rehearing simply upon the ground of the expense of a second trial, yet this court will take judicial notice of the fact that the people of this state are already heavily burdened with taxation, and that one of the principle items of expense to the state is the enforcement of its criminal laws. It would therefore be unjust to the people of this state to add to this expense by reversing convictions and sending cases back for rehearing, and thereby greatly increasing the expenses of the government, unless a necessity for doing so really existed.

From a careful examination of the entire record, we believe this man is guilty of murder; and that he has been fairly tried and legally convicted.

The judgment of the lower court is therefore, in all things, affirmed.

ARMSTRONG and DOYLE, JJ., concur.