### FRANK SMITH v. STATE.

No. A-3762.   Opinion Filed Jan. 7, 1922.
(202 Pac. 1046.)

(Syllabus.)

1.   **Evidence—Declarations of Coconspirator After End of Conspiracy.** If a conspiracy has come to an end, whether by success or by failure, the admissions of one conspirator, by way of narrative of past facts, are not admissible in evidence against the others.

2.   **Witnesses—Impeachment of Defendant—Evidence of Good Reputation.** Where the veracity of the defendant who is a witness in his own behalf is called in question, his general reputation for truth may be sustained by character witnesses who know that reputation, and the refusal of the court to permit such reputation to be shown is error.

Appeal from Superior Court, Creek County; Gaylord R. Wilcox, Judge.

Frank Smith was convicted of robbery and sentenced to a term of five years in the state penitentiary, and he appeals. Reversed and remanded.

R. K. Robertson and Ben Braden, for plaintiff in error.

S. P. Freeling, Atty. Gen., and E. L. Fulton, Asst. Atty. Gen., for the State.

BESSEY, J. Frank Smith, plaintiff in error, referred to in this opinion as the defendant, was by information filed in the superior court of Creek county May 19, 1919, charged jointly with Sam Hazlett with robbing Mrs. Miles Foreman of four diamond rings. A severance was later taken and the defendants tried separately. At the trial of this defendant a verdict finding the defendant guilty as charged was rendered, November 25, 1919, and his punishment was assessed at five years' imprisonment in the state penitentiary at McAlester. From the judgment of the court on the verdict he appeals.

The testimony on the part of the state is to the effect that this defendant, Frank Smith, and the codefendant, Sam Hazlett, went to the rooming house of Mrs. Miles Foreman in Shamrock, Okla., on the night of the 25th of April, 1919, and asked her to get them a drink of whisky; that Mrs. Foreman informed them that she had no whisky; that later they demanded money, and finally, by force, violence, and threats of bodily harm, took from her four diamond rings; that one of the rings was afterwards found in a pawnshop in Oklahoma City; and that the defendant was arrested in Wichita Falls, Tex., and two other of the rings found secreted in the sweatband of his hat. There was admitted in evidence, over the objections of the defendant, an alleged confession of the codefendant, Hazlett, made some time after the alleged offense, to the effect that he and the defendant had committed the robbery. Independent of this confession, the state's testimony sufficiently supported the allegations of the information.

The defendant's testimony was to the effect that he and Hazlett and others were drinking whisky and choc beer at the resort kept by Mrs. Foreman and became intoxicated there; that while there both men lost or were robbed of their money; that they demanded of Mrs. Foreman that their money be returned to them; that she denied any knowledge of their loss;

and that they then threatened to go to the police station and inform the peace officers and have her arrested; that thereupon Mrs. Foreman, in order to prevent her arrest, voluntarily gave them her diamond rings, as security until their money could be returned to them.

There is an unreconcilable conflict in the testimony of the state and that of the defendant. If the testimony of the state is to be believed, the defendant is guilty as charged; if the testimony produced by the defendant is to be believed, he is clearly not guilty.

Numerous assignments of error have been urged as grounds for a reversal of this case. The Attorney General, in his brief, has confessed error in two of the assignments urged, and these only will be noticed.

The evidence on the part of the state tends to show that the defendant and Hazlett committed this crime jointly and were coconspirators in consummating the offense, and that the court erred in admitting in evidence an admission of the other codefendant after the accomplishment and consummation of the common design. The admissions and declarations of one conspirator can be introduced in evidence against the others when made during the progress of the conspiracy and in furtherance of its object, but the declaration of a coconspirator, made after the accomplishment of the object of the conspiracy, would not be admissible against the defendant. While Hazlett was testifying as a witness for the defendant, the following appears of record:

"Mr. Wallace: Q. I will ask you to state whether or not at the time of your arrest if you held a conversation with Abner Bruce in which you stated to him that you would go ahead and tell him all about it? A. Explain to me what about.

"Q. That you would go ahead and tell all about it, and stated to him, in substance, that you and this man held up Mrs.

Foreman and took these diamonds away from her, but you was afraid to [tell it] on account of the fact that you was afraid Smith would kill you.

"Mr. Robertson: That is objected to, if the court please, as incompetent, irrelevant, and immaterial, and for the further reason that no proper foundation has been laid, and the time and place not specified, or in whose presence, or that the declaration was made in the presence of Frank Smith, who is now being tried on this charge.

"The Court: Fix the time and the place.

"Q. I will ask you at the time of your arrest, two or three days after this affair at Shamrock, in Wichita Falls, Tex., in the presence of U. J. Jones, deputy sheriff here, and Abner Bruce, sheriff, in a conversation that you had with Abner Bruce, if you did not tell him that you and this man Smith did take these diamonds away from Mrs. Foreman, and that you ran away with them, and that you would make a clean breast of it, but that you was afraid this man Smith would kill you?

"Mr. Robertson: Objected to on the ground and for the reason that the question is incompetent, irrelevant, and immaterial, no proper foundation having been laid, and the reason that the question calls for admission against the interests of the defendant, Frank Smith, who was not present when the conversation was had, and said conversation or admission would not in any way bind the said Frank Smith herein.

"The Court: Objection overruled.

"Mr. Robertson: To which ruling of the court defendant excepts.

"Q. Just answer it yes or no. A. If put in that way, I would have to say no; not in just that way."

The following appears as part of the testimony of the arresting officer, Abner Bruce:

"Q. I will ask you to state if, in that conversation—state what the conversation that you had with Sam Hazlett was, re-

:garding what he told you as to the guilt or innocence of this man in this matter. I will ask you to state whether or not at the time of your arrest that you held a conversation with Abner Bruce in which you stated to him that you would go ahead and tell all about it, and stated to him in substance that you and this man had held up Mrs. Foreman, and took these diamonds away from her, but that you was afraid to on account of the fact that you was afraid that Smith would kill you?

"Mr. Robertson: We object to that.

"The Court: Ask him, ask the witness if Sam Hazlett at that place stated that to him. Ask the question. A. He did."

U. J. Jones, a deputy sheriff, was asked the same question, in substance, as propounded to Abner Bruce and gave a like answer.

After the close of the testimony the defendant requested the following quoted instruction, which was by the court refused:

"You are instructed, gentlemen of the jury, that there has been submitted in evidence an alleged confession by the witness Sam Hazlett, who was jointly with the defendant now on trial informed against for the conjoint robbery charged, and that this alleged confession or statement of this witness, Sam Hazlett, has been admitted in evidence solely for the purpose of affecting the credibility of the witness Sam Hazlett, and is not to be considered by you as evidence of the guilt of the defendant Frank Smith of the offense charged in the information."

What Hazlett said after the deed had been fully consummated, and not on the occasion of the robbery, and in the absence of the defendant, was not competent testimony as against the defendant. It is well settled that, if a conspiracy has come to an end, and whether by success or by failure, the admissions of one conspirator, by way of narrative of past facts, are not admissible in evidence against the others. Gon-

zalus v. State, 7 Okla. Cr. 444, 123 Pac. 705; Sparf v. U. S., 156 U. S. 51, 15 Sup. Ct. 273, 39 L. Ed. 343; Wigmore on Evidence, § 1076; 1 R. C. L. Admissions and Declarations, par. 61.

Under the state of the record here the jury doubtless received this confession as direct evidence against the defendant. The confession could have been admissible for only one purpose, namely, for the purpose of affecting the credibility of the witness Hazlett, and the admission of this testimony and subsequent refusal of the offered instruction was prejudicial error. This error was further emphasized by the fact that the county attorney, in his closing argument to the jury, commented upon this confession as an evidential fact, showing the guilt of the defendant.

Another error complained of is that the defendant called and offered in his behalf three witnesses to testify to his general reputation for truth and veracity, which offer was by the court refused. The testimony of the defendant was directly in conflict with the testimony of the witnesses for the state, and, where the veracity of a witness is in any manner called in question, his reputation for veracity may be sustained by proof of his general reputation for truth and veracity. Under such circumstances it is important for the jury to know something about the credibility of the witness, and the refusal of the court to permit the introduction of the testimony here offered was highly prejudicial to the rights of the defendant. Gilbert v. State, 8 Okla. Cr. 329, 127 Pac. 889; Friel v. State, 6 Okla. Cr. 532, 119 Pac. 1124; Davidson v. State, 15 Okla. Cr. 85, 175 Pac. 120.

For the reasons given, this case is reversed and remanded.

DOYLE, P. J., concurs.

MATSON, J., not participating.