## LINCOLN WOLFE v. STATE.

No. A-6594.    Opinion Filed Jan. 7, 1928.
(262 Pac. 505.)

Williams & Martin, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, referred to in this opinion as defendant, and Tom White, John Duncan, and George Leach, were jointly charged with the murder of Sam Leach. A severance was taken, and the state placed the defendant Lincoln Wolfe on trial first. At the trial of this defendant a verdict of guilty of manslaughter in the first degree as charged in the information was returned by the jury and the punishment left to the court. Motion for a new trial was filed and overruled, and exceptions duly saved. The court sentenced the defendant to the penitentiary at McAlester for a term and period of 15 years. From the judgment of the court on the verdict, defendant appeals.

Defendant assigns numerous errors committed by the trial court; but the only assignments we deem necessary to consider are assignments 3 and 5, which are as follows:

"(3) The court erred in admitting the testimony of Dan Smith, a witness for the state, over the objection of the plaintiff in error."

"(5) The court erred in admitting the testimony of Stan Christie, a witness for the state, over the objection of the plaintiff in error."

These two assignments relate to alleged conversation that Dan Smith claims to have had with George Leach and John Duncan, who were codefendants jointly charged with the defendant in this case, and also to alleged conversation Stan Christie claims to have had with the codefendants George Leach and John Duncan.

The theory of the state, as disclosed by the record, is that the defendant, acting with the other defendants named in the information, administered blows to the deceased, Sam Leach, from the effects of which he died. The evidence of the witnesses Dan Smith and Stan Christie in substance were that George Leach, while in jail and after the death of deceased, and in the absence of the defendant on trial, stated to the witnesses that defendant struck deceased one or more times with some kind of a club or blunt instrument before defendants left the place where the car was wrecked. Counsel for the defendant objected to the statement of the witnesses Smith and Christie on the ground that the statement of the conversations claimed to have taken place between the witnesses Smith and Christie and George Leach took place after the death of Sam Leach and in the absence of the defendant on trial. The court overruled the objection of the defendant and permitted the witnesses to testify to alleged conversation they had with the codefendants of this defendant after the defendant was in jail and his codefendants were in another jail, all of which alleged conversation, if it took place at all, was separate and apart, and not within the hearing of this defendant.

This question has been before the court so often that it seems useless to discuss the question at length and it would seem that the courts should be perfectly familiar with the question involved.

Underhill on Criminal Evidence (3d Ed.) § 719, p. 963, lays down the principle that acts declared by a conspirator cannot be admitted as against a coconspirator unless such acts were performed or such declarations made in aid or in execution of the conspiracy, so the acts or declarations must occur during the life of the conspiracy, that is, after the formation of the corrupt agreement and before consummation or abandonment of the object of the conspiracy. 8 Cyc. 680.

In Sturgis v. State, 2 Okla. Cr. 362, 102 P. 57, the court said:

"If Holmes and McKinley were concerned with the defendant in the commission of the offense charged in the information, then all were principals, and anything said or done by either of them in pursuance of the common design to commit the offense would be competent evidence not only against the person making such statement or doing such act, but also against the defendants concerned in the commission of the offense. This would be true as long as said parties were concerned with each other in the commission of the offense, but it would not include any acts done or statements made after the completion of the offense unless the person against whom it was offered in evidence was present and saw or heard the act done or the statement made, and assented thereto or acquiesced therein." Wells v. State, 5 Okla. Cr. 22, 113 P. 210; Burns v. State, 8 Okla. Cr. 554, 129 P. 657; Washmood v. State, 20 Okla. Cr. 254, 136 P. 184; Smith v. State, 20 Okla. Cr. 362, 202 P. 1046.

In Ramsey v. State, 35 Okla. Cr. 347, 250 P. 936, the court states:

"Where two persons are jointly charged with the commission of a crime, and only one of them is put upon trial, statements made by the codefendant after the termination of the conspiracy between the defendant and codefendant, if any existed, are not admissible against the defendant on trial, and where such statements are clearly prejudicial their admission is reversible error."

The statement of the witnesses Dan Smith and Stan Christie would have been admissible if George Leach or John Duncan had been on trial. The conspiracy, if any existed, between George Leach, John Duncan, and the other defendant on trial, terminated on the death of the deceased. A statement made thereafter by George Leach or any other one of the codefendants in the absence of the defendant was not binding on the defendant; they were not competent, and their admission was prejudicial to the rights of this defendant. We can un-

derstand the difficulty under which the state was placed in not being able to present the testimony of these witnesses; but rules of evidence cannot be broken down to meet the exigencies of any particular case. The circumstantial evidence was not strong, and without this combined evidence the verdict might have been different.

The view we take of this case it is not deemed necessary to consider the other assignments of error.

The case is reversed and remanded.

DOYLE, P. J., and EDWARDS, J., concur.