**Danny Richard VINING, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–82–531.**

Court of Criminal Appeals of Oklahoma.

Jan. 31, 1984.

James T. Rowan, Asst. Public Defender, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

Bobby Gene Lykins was stabbed to death in his residence by intruders in the early morning hours of October 14, 1981. Appellant Danny Richard Vining was arrested the next day in connection with the investigation. Statements by appellant to a police detective in the early morning hours of October 17, 1981, were used to convict him of Murder in the First Degree. He was sentenced to life imprisonment.

On appeal, he contends that the trial court erred in denying a motion to suppress the statements. We disagree and affirm.

■ Appellant contends that the statements were inadmissible because they were not immediately preceded by full *Miranda* warnings. This contention is not persuasive. Appellant was initially interviewed at 10:00 or 11:00 a.m. on October 15th, at which time he was fully advised of his rights under *Miranda*. After initially waiving his rights and agreeing to talk with a police detective, Vining denied any knowledge of the crime, asked to see his lawyer and refused to make further statements.

Questioning stopped, and the attorney was summoned. Appellant conferred with three different attorneys over the next day or so. His mother, a police department maintenance worker, was allowed to visit him twice on the day of his arrest, and again during the evening of October 16/17, 1981. After the latter meeting, the mother told the detective that appellant wanted to talk to him, which appellant confirmed.

The men went into an interview room. Appellant said "My attorney told me not to say anything, but I want to tell you something, any way." The detective asked if appellant remembered the rights given him previously, and appellant said he did. The detective expressly reminded appellant that he had a right to have counsel present, and that anything he said would be testified to by the officer. He acknowledged the officer's remarks.

Vining then called the detective's attention to a man using a telephone in the jail, and identified him as the one who stabbed the victim. Appellant admitted that he personally had been present during the crime, but insisted that the man on the phone and an accomplice actually killed the victim. At the officer's request, appellant explained that the killing arose out of drug trafficking. The detective asked other questions, but appellant stopped and said he did not want to say any more.

■ Where fresh or new *Miranda* warnings are required as a prerequisite to reinterrogation, the defendant's assurance that he recalls his rights from previous admonition may suffice. See, *People v. Young*, 115 Ill.App.3d 455, 71 Ill.Dec. 259, 450 N.E.2d 947 (1983); *People v. Pleasant*, 88 Ill.App.3d 984, 44 Ill.Dec. 226, 411 N.E.2d

132 (1980); and *Biddy v. Diamond,* 516 F.2d 118 (5th Cir.1975). In *Young,* a rape suspect was advised of his rights at 5:00 p.m., and questioned briefly before invoking his right to remain silent. At 6:30 p.m., the suspect was asked "if he understood the rights as they were presented to him earlier by Officer Temp." Defendant replied, "you mean the right to remain silent and stuff?" The officer responded affirmatively, and asked whether he "thoroughly [understood] those rights." The defendant indicated that he did, and his subsequent inculpatory statement was used in evidence against him. The court, applying *Pleasant,* supra, stated:

> The pivotal question here is whether defendant was adequately readvised of his *Miranda* rights prior to the reinterrogation.... Defendant was specifically asked whether he understood the rights which had previously been read to him, and he responded that he did. Under the holding in *Pleasant* defendant was given an adequate opportunity to exercise his rights prior to reinterrogation, including the right to remain silent, if he so desired.

*People v. Young,* 450 N.E.2d at 954.

In *Pleasant,* a rape suspect was arrested about 12:40 a.m. and advised of his *Miranda* rights. He was advised again of his rights at the police station, and he stated that he did not wish to speak. At about 3:00 a.m., the suspect was asked "if he recalled the *Miranda* warnings that Officer Layman had previously read to him." When he said that he did, officers questioned him and elicited a confession. The court stated:

> Although the reinterrogation was not preceded by the recitation of a complete set of *Miranda* warnings, "it is not necessary to repeat the warnings at the beginning of each successive interview to avoid a *Miranda* violation." (*People v. Bundy* (1979), 79 Ill.App.3d 127, 133, 34 Ill.Dec. 670, 675, 398 N.E.2d 345, 350). The constitution merely requires that prior to reinterrogation the defendant is given an opportunity to effectively exercise his rights. Here, the defendant was

given such an opportunity when Officer Cannon asked him if he recalled the *Miranda* warnings previously given to him by Officer Layman.

*People v. Pleasant,* 411 N.E.2d at 135.

Finally, in *Biddy,* the defendant was twice advised on December 15, 1970, of her rights. The second time, she invoked her right to counsel. Questioning ceased, and she conferred with an attorney. On December 27th, defendant was asked by an investigator, "Do you understand your rights?" She indicated that she understood them, and subsequently made inculpatory statements in the officers' presence. The court stated:

> The question is whether the full *Miranda* warnings were required on December 27 and 28, even though in response to the police question petitioner expressly stated that she remembered her rights as previously explained to her. We think not....
>
> We think that a further delineation on December 27 of petitioner's rights, which she stated that she understood from prior explanations, would have been needlessly repetitious. The district court was not clearly erroneous in finding that Mrs. Biddy fully understood her rights at the time she made the statement to her husband with the detectives present.

*Biddy v. Diamond,* 516 F.2d at 122.

We find no error in the failure to suppress due to the absence of full *Miranda* warnings prior to the second interview, in light of the appellant's statement that he recalled the rights as previously given him.

 Appellant's further argument that the record is insufficient to show a waiver of his *Miranda* rights is not well taken. The law does not require an explicit statement of waiver in order to support a finding of waiver. *Browning v. State,* 648 P.2d 1261 (Okl.Cr.1982). There was sufficient evidence to show that appellant was validly advised of his rights, and that he knowingly and intelligently waived them.

Finally, appellant contends that the statements are inadmissible due to the officers' failure to advise appellant that his statements could constitute proof of murder in the first degree. He insists that the defendant must be apprised of the nature of the crime under investigation. However, the record reflects that the officer's inquiries related to the homicide of Bobby Gene Lykins. Moreover, the police are not required to advise an accused of the exact charges to be filed against him, nor all material facts known to them. It is sufficient that the accused is advised of the nature of the questioning and of his rights as required by *Miranda v. Arizona*. *Hardin v. State*, 649 P.2d 799 (Okl.Cr.1982).

The judgment and sentence is AFFIRMED.

BUSSEY, P.J., concurs.

BRETT, J., concurs in results.