Ronald Daniel KELLY, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F-82-309.

Court of Criminal Appeals of Oklahoma.

Nov. 30, 1984.

As Corrected Dec. 17, 1984.

Patti Palmer, Deputy Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Alan B. Foster, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Ronald Daniel Kelly was charged, tried and convicted of Murder in the First Degree and Conspiracy to Commit Murder, in Oklahoma County District Court, Case No. CRF–82–269. The jury assessed ten (10) years in prison and a five thousand dollar ($5,000) fine on the conspiracy charge, and the death penalty for the actual murder. He was sentenced accordingly. We are compelled to reverse and remand the cause for a new trial.

The evidence reflects that appellant sold cocaine for the victim, Bobby Lykins, through a middleman, Richard McQuigg, and that appellant owed the victim five thousand dollars ($5,000). Sometime after 3:00 A.M. on the morning of October 14, 1981, McQuigg was abducted by appellant and two other men as he attempted to collect the debt for the victim.

McQuigg was driven to the victim's house. En route, his abductors expressed their intention to rob and kill the victim. They planned to use McQuigg to help them get inside the residence. However, one of the abductors crawled through a window in the house and admitted the other men. Two of the men went into a bedroom and fatally stabbed the victim as he lay sleeping in bed.

Statements by the appellant to the owner of the vehicle used in the crime indicated that he had been involved in a robbery and that a man had been killed, and he urged the owner to sell the car. Appellant testified that McQuigg and two masked men forced him to drive to the victim's house and assist in the break-in. He was held at gunpoint by McQuigg as the other men went into the bedroom and murdered the victim.

On appeal, the appellant correctly contends that the trial judge erroneously permitted the introduction of hearsay evidence over defense objections. Kenneth Bailey, the brother of one of the other men charged in connection with the slaying, stated that another accomplice, Ben Curliss, said that the appellant had hired him to kill the victim. The conversation between Bailey and Curliss occured two days after the crime, and the day after Bailey's brother, Danny Vining, was arrested for his part in the crime.

■ This testimony did not fall within 12 O.S.1981, § 2801(4)(b)(5),[1] since the alleged conspiracy was terminated by the accomplishment of the murder; accordingly, the statement was not made "during the course" of the conspiracy, and was not admissible under the co-conspirator exception to the hearsay rule. See, *Wolfe v. State*, 38 Okl.Cr. 412, 262 P. 505 (1928); *Davis v. State*, 31 Okl.Cr. 109, 237 P. 471 (1925); and *Smith v. State*, 20 Okl.Cr. 362, 202 P. 1046 (1922) (overruled on other grounds). Since the State did not demonstrate that the statement fell within any other exception to the hearsay rule, the testimony was inadmissible hearsay. 12 O.S.1981, § 2802, and the admission of it denied the appellant his rights of confrontation and cross-examination on a critical issue.

We cannot say that the admission of the improper hearsay evidence did not influence the jury's findings of guilt on both the murder and the conspiracy charges and influence the punishments imposed. Particularly is this true when co-defendants, Danny Richard Vining (conviction affirmed by this Court, see, *Vining v. State*, 675 P.2d 469 (Okl.Cr.1984)) and Ben Faron Curliss, (conviction affirmed by this Court, see, *Curliss v. State*, 692 P.2d 559 (Okl.Cr. 1984) (Case No. F-83-485), each received punishments of life imprisonment and the appellant received a penalty of death.

Accordingly, the judgments and sentences for murder in the first degree and conspiracy to commit murder are REVERSED and the cause REMANDED for a new trial.

PARKS, J., concurs in the reversal of this case for the reasons stated in Judge Bussey's Opinion. I also join Judge Brett in his Special Concurrence requiring complete stenographic recording in all future capital cases.

BRETT, Judge, specially concurring:

■ I concur that this case must be reversed, agreeing, as I do, that the hearsay evidence complained of was improperly admitted at both stages of trial. However, I am also compelled to state my belief that, were it not for the above-mentioned errors, this Court would be required to reverse and remand the case for failure to supply an adequate record for appellate review.

■ In this case, we are without record of the jury selection, opening statement of the prosecutor, numerous bench conferences, and closing arguments in both stages. The record before us does not indicate why these proceedings were not stenographically reported. It is true that in all non-capital cases, it falls upon the appellant to see that the record is complete. *Henderson v. State*, 95 Okl.Cr. 342, 246 P.2d 393, 414 (1952). I would not depart from that general rule. However, in capi-

---

1. That section provides:
   A statement is not hearsay if:
   (b) the statement is offered against a party and is

(5) a statement by a coconspirator of a party during the course and in furtherance of the conspiracy.

tal cases, our Legislature has mandated this Court review the following:

1. Whether the sentence of death was imposed under the influence of passion, prejudice, or any other arbitrary factor;

2. Whether the evidence supports the jury's or judge's finding of a statutory aggravating circumstance as enumerated in this act; and,

3. Whether the sentence of death is excessive or disproportionate to the penalty imposed in similar cases, considering both the crime and the defendant.

21 O.S.1981, § 701.13.

■ By enacting this mandatory review, the Legislature obviously sought an additional assurance that the death penalty will not be imposed in an arbitrary and capricious manner. *See Gregg v. Georgia*, 428 U.S. 153, 109, 96 S.Ct. 2909, 2937, 49 L.Ed.2d 859 (1976) (noting that a similar mandatory review scheme in the Georgia statute guards against arbitrariness). However, we cannot perform this mandatory function if the record, as here, is incomplete.

■ I believe there should be a judicial rule [1] in this State that, in order to effectuate this Court's mandatory obligation under 21 O.S.1981, § 701.13, a complete stenographic record must be taken in all capital proceedings, and I would so hold.

---

1. At oral argument in this case, the State contended that it would be outside the authority of this Court to fashion such a rule. To the contrary, fashioning such a rule "does not exceed our jurisdiction, but is in aid of our jurisdiction." *Burks v. State*, 594 P.2d 771, 776 (Okl.Cr. 1979) (Opinion on rehearing) 22 O.S.1981, § 1051(b).