**Marion WINKLER, Appellant,**

**v.**

**STATE of Oklahoma, Appellee.**

**No. F-85-283.**

Court of Criminal Appeals of Oklahoma.

Nov. 20, 1987.

Gloyd L. McCoy, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Marion Winkler, was charged, tried and convicted in the District Court of Adair County for the crime of Lewd Molestation in Case No. CRF–84–7 and was sentenced to twenty (20) years imprisonment, and he appeals.

For his first assignment of error appellant asserts that the trial court erred in allowing the admission of a Department of Human Service's report into evidence and in allowing the testimony of Guinn Vardeman. Information contained in the report was given by the victim's mother and several other people who had first hand knowledge of the events to Eugenia Morris. However, on the day of trial Eugenia Morris was out of town, therefore, Guinn Vardeman, a social worker, testified concerning the report. It is not clear from the record whether the report was admitted as an independent exhibit possessing its own evidentiary value, or whether the trial court merely allowed Guinn Vardemann to use the report to refresh her memory. It is also unclear whether the report was actually read by the jury and taken with them to the deliberation room.

 First, we are of the opinion that it was proper for the trial court to allow Guinn Vardeman to use the report to refresh her memory. Second, whether or not the jury read the report, we find that the information in the report was cumulative; therefore, the error, if any, was harmless beyond a reasonable doubt since all of the information in the report was brought out during the trial by the State's witnesses. However, had the witnesses who were questioned by Eugenia Morris not testified at trial as to the same events, this would have been error requiring reversal since it would have denied appellant the right to confront and cross-examine the witnesses against him. This assignment of error is meritless.

 Appellant next alleges that the evidence was insufficient to support his conviction for Lewd Molestation. When the

sufficiency of evidence is questioned on appeal the relevant question is whether, after viewing the evidence in the light most favorable to the State, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Spuehler v. State,* 709 P.2d 202 (Okl.Cr.1985).

In the instant case, S.W., the victim's mother, testified that she was working at a fruit stand in Adair County on August 20, 1983, and that C.W., her two year old daughter, was behind the fruit stand playing with some other children. When S.W. went around in back of the stand to check on her daughter, she did not find her there but realized that she was in appellant's house. S.W. walked to the front of the house and as she stood on the front porch, she looked through the front window and heard her daughter crying. She observed C.W. running from the back of the house being chased by appellant. She then observed appellant push her daughter causing her to fall, and at that point, her daughter jumped up and ran out of the house to her mother. The child continued to cry hysterically so S.W. examined her daughter and observed that her vagina was very red and irritated. S.W. testified that she examined her daughter daily for ticks when she bathed her and that she had not noticed any problem with her vagina until then. S.W. took her daughter to the hospital and Dr. Phillip Keeter examined the child. He testified that he could not conclude whether or not the child was molested.

C.E., appellant's cousin, and S.W.'s coworker at the produce stand, testified that she was present during the incident. She stated that appellant's house was locked with C.W. and T.W., another child, inside. C.E. testified that C.W.'s vagina was very red and that C.W. said "Grandpa hurt me." She further stated that C.W. held herself between her legs when she was asked where "Grandpa" hurt her.

Appellant's daughter-in-law, Robin Winkler, testified that she did not allow her young daughter to be with appellant without another adult present. Marion Winkler, Jr., appellant's son, testified that his wife was not telling the truth.

While it is true that the evidence presented by the State is circumstantial, this Court has held that reasonable inferences drawn from circumstantial evidence have the same probative effect as direct testimony. *See Clark v. State,* 664 P.2d 1065 (Okl.Cr. 1983). Viewing the evidence presented, in the light most favorable to the State, we decline to disturb the verdict of the jury. This assignment of error is without merit.

In his third assignment of error, appellant contends that improper prosecutorial comments deprived him of a fair trial. Initially, we note that none of the remarks during closing argument were objected to at trial; thus, these alleged errors were waived. *Tahdooahnippah v. State,* 610 P.2d 808 (Okl.Cr.1980). Another alleged error during cross-examination was cured by the prosecutor when he voluntarily withdrew his own question. The final alleged error occurred when the prosecutor asked C.E. a question allegedly attempting to elicit improper hearsay evidence; however, since defense counsel's objection was sustained, we find no error. The third assignment of error is meritless.

■ Appellant's fourth assignment of error is that he was denied the effective assistance of counsel. We have carefully reviewed appellant's assignments of counsel's ineffectiveness, and we are not persuaded that appellant overcame the strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984). Furthermore, we do not find that but for counsel's alleged errors a different result would have been obtained in the conviction or in the sentence. *Foster v. State,* 714 P.2d 1031, 1039 (Okl.Cr.1986). This assignment is groundless.

■ In his fifth assignment of error appellant contends that his sentence is excessive and should be modified. The sentence is within the statutory limits, and we cannot conscientiously say that under all the facts and circumstances the sentence is so excessive as to shock the conscience of the

court. *Kiser v. State*, 541 P.2d 208 (Okl. Cr.1975). This assignment lacks merit.

■ Appellant finally urges that the cumulative effect of the errors occurring at trial mandate that this case be remanded for a new trial or that the sentence imposed be modified. This Court has repeatedly held that where there is no individual error, there can be no error by accumulation. *Woods v. State*, 674 P.2d 1150, 1154 (Okl.Cr.1984).

The judgment and sentence is AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., dissents.

PARKS, Judge, dissenting:

I write separately to address appellant's first assignment of error asserting that the introduction of hearsay evidence contained in a social worker's report constituted reversible error. The report in question was prepared by Eugenia Morris, who was a Children's Service Supervisor with the Oklahoma Department of Human Services. Ms. Morris investigated the allegation of molestation after receiving information from Judy Batt. The report included the names and statements of several persons, given to Ms. Morris by Judy Batt, who allegedly had knowledge of the incident involving C.W. and appellant's history of "messing" with girls.

During trial, Guinn Vardeman was called to testify on behalf of DHS, because Eugenia Morris was unavailable. When the State requested that the report be admitted into evidence, appellant objected on the grounds that the report was not a business record and was therefore inadmissible as hearsay. The State sought admission on the ground that the report was in fact a business report made pursuant to State law. In admitting the report, the trial court stated that it would be "admitted for the ... fact that it is a business record and I will allow her to refresh her memory and testify from that record." The trial transcript then recites that the report was "[r]eceived in evidence as State's Exhibit No. 1...."

There are several reasons why the report was improperly admitted. First, the State failed to establish the foundational requirements necessary to admit the report as a business record under 12 O.S.1981, § 2803(6). *See* 1 L. Whinery, *Guide to the Oklahoma Evidence Code* 285 (1985). Second, the report did not meet the requirements of 12 O.S.1981, § 2805 which states: "Hearsay included within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule provided in this rule." The report contained statements made by Judy Batt and Bob Braden, neither of whom testified at trial. The report contained the following statements: "Judy Batt stated this is a known fact that [appellant] messes with girls and he has bragged about it.... Worker talked to Mr. Braden at the fruit stand, he told worker [appellant] had bragged to him several times about girls in the neighborhood he had played with and had even talked about how large their vaginias [sic] were."

The majority opinion states that "had the witnesses who were questioned by Eugenia Morris not testified at trial as to the same events, this would have been error requiring reversal since it would have denied appellant the right to confront and cross-examine the witnesses against him." The record shows that neither Judy Batt nor Bob Braden testified at trial. Therefore, not all of the "witnesses" who were questioned by Eugenia Morris testified at trial. In addition, the hearsay statements were not merely cumulative, since no other witness testified concerning such statements. The appellant was clearly denied the right to confront and cross-examine Judy Batt and Bob Braden, whose extremely damaging hearsay statements were recited in the report. The record clearly shows that the report was received in evidence, so that the jury could have relied upon it in convicting the appellant. Consequently, on this record, I cannot say that the admission of the improper hearsay did not influence the jury's finding of guilt. *See Kelly v. State*, 692 P.2d 563, 565 (Okl.Cr.1984). Accord-

ingly, on the basis of the foregoing, I would reverse and remand for a new trial.