## JAMES BROWN v. STATE.

No. A-2496.    Opinion Filed May 15, 1916.

·(156 Pac. 1150.)

EVIDENCE—Circumstantial Evidence—Sufficiency. Where the evidence is wholly circumstantial, and the facts and circumstances in evidence are of such a charater as to fairly permit an inference consistent with innocence, it cannot be regarded as evidence sufficient to support a conviction.

*Appeal from County Court, Woods County;*
*Gus Hadwrger, Judge.*

James Brown, convicted of a violation of the prohibitory law, appeals.    Reversed.

*E. W. Snoddy* and *L. T. Wilson,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

PER CURIAM.    The plaintiff in error, James Brown was convicted on a charge that he did have the possession of about· two gallons of whisky with the wilful and unlawful intention to violate provisions of the enforcement act, and he was sentenced to be confined in the county jail for a period of sixty days and to pay a fine of two hundred and fifty dollars.    From the judgment he appealed by filing in this court on June 24, 1915, a petition in error with case-made.

Numerous alleged errors are assigned upon exceptions to the instructions given and refused and it is insisted that the evidence is insufficient to support the verdict.

The testimony for the state was substantially as follows:

Walter Rambo, sheriff of Woods county testified that he saw Mr. Brown get out of a buggy with a package on his arm and go upstairs into a room, in the McHenry building; that he

followed him and took the package from him and found that it was a carton containing a gallon of whisky; that he took the carton to the court house and took Mr. Brown along; that he secured a search warrant and went back to the room and found a gallon jug about half full of whisky; that he did not know the man that was sitting in the buggy. That the carton was addressed to and consigned to Clifton Fogle.

James Brown, the defendant, as a witness in his own behalf testified that he lived at Freedom, Woods county, and had resided there about twenty years; that about three months before the time the sheriff raided his room in the McHenry building he came to Alva for medical treatment and during that time occupied said room; that one of his neighbors, Clifton Fogle came to Alva and stayed over night with him; that Fogle was a cripple and walked with a crutch; that Fogle had asked witness that day to carry an express package that he had received upstairs for him; that as he was carrying the carton upstairs he heard somebody following him and the sheriff appeared and took him and the carton to the court house; then they came back and the sheriff searched his room; that the half gallon of whisky he found there was purchased by witness at Kansas City and he had it there for his own use; that he never did sell any intoxicating liquor and never had possession of whisky for any unlawful purpose.

E. L. Yearick; as a character witness testified that he lived about a mile and a half west of Freedom and had lived there fifteen years and is a county commissioner of Woods county; that he had known the defendant for fifteen years and knew his general reputation as to being an upright honest and law abiding citizen and that his reputation was good.

Witnesses Gerlock, L. S. Gaskil, M. W. Benson, Charles Mont and S. Cummings qualified as character witnesses and testified that they lived near the town of Freedom; had known the defendant for from fifteen to twenty years and that his reputation as a law abiding citizen in the community where he resided was good and had always been good.

The foregoing is a substantial statement of all the testimony taken upon the trial.

After a careful examination of the evidence, we think it is not sufficient to sustain the verdict of the jury and the judgment of the court. The inculpatory evidence was wholly circumstantial. The general rule in criminal case is that, where the evidence is wholly circumstantial, the facts shown must not only be consistent with and point to the guilt of the defendant, but must be inconsistent with his innocence. It is seldom that this court has deemed it to be its duty to reverse the action of the trial court in refusing to grant a new trial for the want of sufficient legal and competent evidence to sustain the verdict. When, however, it is manifest to this court that the verdict is clearly contrary to the evidence, and that it is insufficient to sustain a conviction, we deem it our duty to reverse the judgment.

We are clearly of the opinion that in this case the evidence was insufficient to warrant the verdict of the jury. The judgment is therefore reversed.