## J. W. DAVIDSON v. STATE.

No. A-2912. Opinion Filed October 5, 1918.

(175 Pac. 120.)

1. **EVIDENCE—Good Character—Reasonable Doubt.** A defendant in a criminal action is presumed to be innocent until the contrary is proved, and, when the proof tends to overthrow this presumption and to fix upon such defendant the presumption of guilt, he is permitted to support the original presumption of innocence by proof of good character. Such good character, when proven, is a circumstance tending in a greater or lesser degree to establish his innocence. It is of value, not only in doubtful cases, but also when the testimony tends strongly to establish the guilt of the defendant. When proven, it is a fact in the case, and it is not to be put aside by the jury in order to ascertain if the other facts and circumstances considered in themselves do not establish the defendant's guilt beyond a reasonable doubt; but such good character, if proven, should be considered by the jury in connection with all the other testimony in the case, and the jury should acquit if the evidence of good character, alone or

with the other evidence. creates a reasonable doubt as to the defendant's guilt.

2.    **APPEAL AND ERROR—Reduction of Sentence.** Under section 6003, Rev. Laws 1910. this court has the power, in the furtherance of justice. to modify any judgment appealed from by reducing the sentence.

*Appeal from County Court, Caddo County;*
*C. R. Johnston, Judge.*

J. W. Davidson was convicted of unlawful possession of intoxicating liquors, and appeals. Modified and affirmed.

*Bristow & McFadyen,* for plaintiff in error.

The Attorney General and *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J.    J. W. Davidson, plainti ffin error, was convicted in the county court of Caddo county on an information charging the possession of one gallon of whisky with the unlawful intent to sell, barter, give away, and otherwise dispose of the same in violation of law, and in accordance with the verdict of the jury he was sentenced to be confined· in the county jail for six months and to pay a fine of $250.

The evidence was substantially as follows:

A. J. Smith, the complaining witness, testified that he and his brother-in-law, T. E. Robinson, met the defendant in Anadarko, near the Windsor Hotel; that they talked to him about getting some whisky, and he said, "Give me a dollar and a half, and I will get you a pint," and he went into the hotel and came out with the whisky, and they gave him $1.50 for it; that they drank some of it and then gave the bottle to the chief of police; that he and his brother-in-law received between them $10 from the deputy county

attorney for buying the whisky and delivering the same to the chief of police.

T. E. Robinson testified, in substance, the same as the witness Smith.

Fred Sullivan, chief of police in Anadarko, testified that he received the pint of whisky from Smith and Robinson and arrested the defendant, and then searched his room, finding a bottle partly full of whisky and quite a number of empty whisky bottles.

The express agent at Anadarko testified that the defendant had received from him eight shipments of whisky of one gallon each within the last three months, and produced waybills.

The defendant testified that he was 50 years old; that he had farmed two years near Gracemont, and the last two years near Anadarko; that on the day alleged in the information he brought a load of cotton to Anadarko, had it ginned, and then received a shipment of a gallon of whisky; that he sent five pints home in the wagon with his son, and he took the other three pints to his room in the Windsor Hotel; that he met a friend from Arkansas, and they drank some of the whisky, and when his friend left on the evening train he kept on drinking, and the next morning he found himself in jail; that he was intoxicated to such an extent that he did not know what he was doing until the next morning; that he did not sell the whisky to Smith and Robinson, but did not remember what he did do. On cross-examination he was asked what time was it when he was arrested, and he answered, "About 8 o'clock at night."

Two of the errors assigned are the usual ones; that the verdict of guilty is not sustained by sufficient evidence,

and is contrary to law. Others are that the court erred in failing to instruct the jury fully as to the law of the case, and erred in giving certain instructions excepted to.

To sustain a conviction for having possession of intoxicating liquors with intent to violate any of the provisions of the prohibition law, there must be evidence to prove possession and the unlawful intent. In this case possession is admitted. The proof relied upon to show the unlawful intent was a sale. It is insisted that the evidence' shows that the defendant was so drunk at the time of such sale as to be incapable of forming the necessary intent. Drunkenness, if so extreme as to make the existence of a definite purpose impossible, may be a defense to any crime of which a specific design or intent is an essential element. "To regard the fact of intoxication as meriting consideration in such a case is, not to hold that drunkenness will excuse crime, but to inquire whether the very crime which the law defines has been in point of fact committed." (17 A. & E. Enc. of L. 407.)

We think the evidence was ample to show the unlawful intent, and that the instruction submitting this issue to the jury, while objectionable, was sufficient upon the facts of this case. The instruction submitting the law of character evidence is objectionable. If upon his trial the defendant places his previous good character in evidence, and no evidence tends to dispute it, the defendant is entitled, if he request it, to have a proper instruction given on evidence of good character. A defendant in a criminal action is presumed to be innocent until the contrary is proved, and, when the proof tends to overthrow this presumption and to fix upon such defendant the presumption of guilt, he is permitted to support the original presumption of innocence by proof of good character. Such good

character, when proven, is a circumstance tending, in a greater or lesser degree, to establish his innocence. It is of value, not only in doubtful cases, but also when the testimony tends strongly to establish the guilt of the defendant. When proven, it is a fact in the case, and it is not to be put aside by the jury in order to ascertain if the other facts and circumstances considered in themselves do not establish the defendant's guilt beyond a reasonable doubt; but such good character, if proven, should be considered by the jury in connection with all the other testimony in the case, and the jury should acquit if the evidence of good character, alone or with the other evidence, creates a reasonable doubt as to the defendant's guilt.

It was the duty of counsel for the defendant to have asked for a proper instruction on character evidence, and, not having done so, the erroneous instruction does not constitute reversible error. At most, it could only prejudice the defendant in the assessment of the punishment, which we think under the facts in this case is too severe; and for this reason, in the interest of substantial justice, we have concluded to modify the judgment and sentence to the extent of reducing it to confinement in the county jail for 30 days and a fine of $50, and costs, and in default of the payment of the same to be satisfied as by law provided.

It appears that the court included in the judgment an attorney's fee for the county attorney as a part of the costs. This was without authority of law and is not to be included as costs.

The judgment and sentence, as modified, will be affirmed.

ARMSTRONG and MATSON, JJ., concur.