## JOHN ENGLAND v. STATE.

No. A-4677.    Opinion Filed Jan. 17, 1925.
(231 Pac. 1087.)

(Syllabus.)

1. **Evidence—Circumstantial Evidence Held not Sufficient to Support Conviction.** In order to sustain a conviction, where the evidence is wholly circumstantial, such circumstances must be consistent with the guilt of the accused and inconsistent with his innocence, and, when they are of such a character as to fairly permit an inference consistent with innocence, they cannot be regarded as sufficient to support a conviction.

2. **Appeal and Error—Necessity for Objections Below—Failure to Instruct on Issue of Alibi.** Where a defendant is on trial and the evidence raises the defense of an alibi, and the defendant does not request an instruction upon such defense and does not except to the action of the court in not instructing on such point, a conviction will not be reversed unless it clearly appears from the record that the defendant was injured thereby.

Appeal from District Court, Choctaw County; G. M. Barrett, Judge.

John England was convicted of arson, and he appeals. Reversed.

Warren & Welch, for plaintiff in error.

George F. Short, Atty. Gen., and J. Roy Orr, Asst. Atty. Gen., for the State.

EDWARDS, J.    Only two assignments of error are argued by the appellant: First, that the evidence is insufficient to sustain the verdict of the jury; second, the failure of the court to instruct on the defense of alibi.

The state relies wholly upon circumstantial evidence. The evidence clearly shows that some one set fire to the house in which the plaintiff in error lived as a tenant. The connection of the plaintiff in error with such fire is not evident. The circumstances surrounding it are few. No motive whatever on the part of plaintiff in error is shown for the commission of the offense; nor are we able to infer a

motive. There is no question of fire insurance raised. No misunderstanding or difference of any kind between the plaintiff in error and the owner of the building is suggested.

It is true that ordinarily the jury are the sole triers of the facts, and, even though the evidence is circumstantial and even conflicting, if there is sufficient evidence which, if believed by the jury, would warrant them in returning a verdict of guilty against the defendant, this court will not weigh its sufficiency and set aside the verdict; this rule being based on the reason that the jury had the privilege of seeing and observing the witnesses and determining the weight and credibility of their evidence. Sies v. State, 6 Okla. Cr. 142, 117 P. 504; Brown v. State, 12 Okla. Cr. 343, 156 P. 1150; Broshears v. State, 17 Okla. Cr. 192, 187 P. 254.

After a careful consideration of all the evidence in this case, we think it is not sufficient to sustain the verdict; the most that can be said is that it raises a suspicion against the defendant. We do not deem it necessary to set out the evidence in this opinion.

As to the second assignment of error, the failure of the court to instruct on the defense of alibi, an examination of the record discloses that no request for an instruction on this subject was made by plaintiff in error, and no exception taken to the action of the court in not instructing on this matter, and it does not clearly appear that such failure to so instruct on the defense of an alibi injured the plaintiff in error, and the error, if any, in such failure is not available to the plaintiff in error. Inklebarger v. State, 8 Okla. Cr. 316, 127 P. 707.

Because of the insufficiency of the evidence to sustain the verdict, the judgment is reversed.

BESSEY, P. J., and DOYLE. J., concur.