## ROY CARNEY v. STATE.

No. A-4738.   Opinion Filed Jan. 27, 1925.
(232 Pac. 451.)

(Syllabus.)

1. **Intoxicating Liquors—Unlawful Possession—Evidence Insufficient.** In a prosecution for unlawful possession of intoxicating liquor, evidence considered, and held insufficient to sustain a conviction.

2. **Evidence—Circumstantial Evidence—Sufficiency to Sustain Conviction.** To justify a conviction on circumstantial evidence alone, the proof ought to be not only consistent with the defendant's guilt, but inconsistent with any other rational conclusion.

3. **Evidence—Evidence of Previous Good Character of Accused.** Evidence of previous good character is competent to show that the defendant would not be likely to commit the offense charged against him, and it is a fact which he is entitled to have submitted for the consideration of the jury, precisely as any other circumstance favorable to him.

Appeal from County Court, Dewey County; R. L. Foster, Judge.

Roy Carney was convicted of unlawful possession of intoxicating liquor, and he appeals. Reversed.

W. P. Hickok and J. H. Antrobus, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J.   The information in this case charged that Roy Carney did have in his possession one quart of whisky with the unlawful intent of selling, bartering, giving away, and otherwise furnishing the same.   On the trial the jury returned a verdict of guilty, fixing his punishment at a fine of $50 and confinement for 30 days in the county jail. From the judgment rendered on the verdict, he appeals.

The assigned grounds of reversal are that the evidence is insufficient to support the verdict, and that the court erred in refusing requested instructions.

Sam Steinmitz testified that he had a conversation with the defendant in front of the barber shop in Vici.   Clar-

ence Warriner and Jim Baker were present. The defendant said if they would get him $2 for the purpose of buying some whisky with $2 that he would put in, he thought he could find some whisky. Witness thinks that is the way it was. Then he went into the barber shop, and afterwards the defendant and Jim Baker returned "and motioned us to come out." Then they all walked down the street and went into the A. B. O. Garage. Some one took a fruit jar out of a car. Jim Baker took the first drink, Warriner the next, witness the next, and the defendant the last. Then they all left together. That he did not know who ran the A. B. O. Garage and did not know whose car the jar was in.

Clarence Warriner testified that he was with Sam Steinmitz, Sam Baker, and the defendant in front of the barber shop and heard the defendant say something about $2 and he thought he could find some whisky; that he did not see any money; that he went into the barber shop with Sam Steinmitz, later on some one of the boys motioned them to come out, and they all went to the A. B. O. Garage, and some one of the boys, he did not know which one, took the liquor out of a car; that Sam Baker had it when he first saw it, each took a drink, and then the jar was put back in the car and they all left together.

The state rested, and the defendant moved the court to instruct the jury to return a verdict of acquittal on the ground that the evidence was insufficient to warrant a conviction, which was overruled.

On the part of the defense, M. B. Edwards, farmer, Milo Johnson, farmer, Verne Cuberly, banker at Vici, C. H. Irvin, store clerk, J. T. Ball, hardware merchant, H. S. Vincient, merchant and justice of the peace, Dial Moore, business man, M. Wildman, business man, King Rhodes, farmer, cattleman, and deputy sheriff, and John Brown, each testified that they had known the defendant from 5 to 15 years, and knew his general reputation and character

as to being a law-abiding, honest, and upright boy; that he was raised in that community and had always borne a good character among the people there and his reputation was good.

The instructions given by the court were commendably correct as far as they went, but the court failed to charge the law of circumstantial evidence and the law of previous good character.

To justify a conviction on circumstantial evidence alone, the proof ought to be not only consistent with the defendant's guilt, but inconsistent with any other rational conclusion.

Evidence of previous good character of the defendant is admissible in his behalf upon the theory that, being of good character, it is improbable that he would have committed the offense with which he is charged; and it is for the jury to weigh and consider and give such effect as they think it entitled, in considering and determining whether the defendant is guilty of the offense with which he is charged. By numerous decisions of this court it is held that previous good character of a defendant is a fact that he is entitled to have submitted to the jury precisely as other circumstances favorable to him. Davidson v. State, 15 Okla. Cr. 85, 175 P. 120; Kirby v. State, 25 Okla. Cr. 330, 220 P. 74, 33 A. L. R. 1212.

The rule is well settled that where there is any substantial evidence to support the verdict, this court will not review the record for the purpose of ascertaining or determining its weight or sufficiency, and a verdict approved by the trial court will be allowed to stand, unless it is clearly against the weight of the evidence, or unless it appears from the record that the jury were influenced by improper motives in arriving at their verdict. This cause, however, we think is exceptional, and upon careful consideration we are of the opinion that the testimony was not sufficient

to establish the defendant's possession as alleged in the information.

The judgment of the lower court is, accordingly, reversed.

BESSEY, P. J., and EDWARDS, J., concur.