NELLIE BASS v. STATE.

No. A-4794.    Opinion Filed Jan. 30, 1925.
(232 Pac. 955.)

(Syllabus.)

Intoxicating Liquors—Unlawful Possession.—Circumstantial Evidence not Sufficient.    In a prosecution for unlawful possession of intoxicating liquor, evidence held insufficient to sustain conviction.

Appeal from County Court, Oklahoma County; C. C. Christison, Judge.

Nellie Bass was convicted of unlawful possession of intoxicating liquor, and she appeals.    Reversed.

Paul J. McCarthy, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J.    This appeal is from a judgment rendered on a verdict of a jury finding appellant, Nellie Bass, guilty

of having possession of intoxicating liquor, and fixing her punishment at a fine of $250 and confinement in the county jail for a period of six months. It is assigned as error that the verdict was not supported by the evidence and is contrary to law.

The evidence is very brief. It shows that three policemen went to defendant's home, 327 W. Reno, Oklahoma City, in the nighttime, and found some corn whisky on the premises.

Officer Gaines testified that one bottle was found in a washtub hanging on the back side of the house. Officer Galyon testified that the other bottle was found "in the little house in the rear," and that defendant owned the premises.

Officer Pryer testified that he called a raiding squad and went with them; that they found one bottle in a wash boiler hanging on the end of the house, and the other under a wash tub in the rear of the house, and another under the floor in the little house in the rear.

As a witness in her own behalf, Nellie Bass testified that she was in bed when the officers came to her place, and knew nothing about the whisky they said they found in the back yard; that she did not put any whisky in a wash boiler or under a wash tub, and the tub did not belong to her; that the little house in the rear had been occupied by Sam Williams and his wife and a man named Timer and his wife; that they owed her rent for five weeks, and that evening she had an argument with them about the rent and ordered them to leave; that Sam Williams had a half gallon of whisky in a box in the little house, and she said, "Sam, what do you mean by that?" and these people had threatened to put a job up on her, and she thinks these people put the whisky there and called the officers; that Sam Williams is now in the county jail, and his wife is in

the city jail charged with possession of stolen property, and their things are still in the little house.

The evidence of the defendant's guilt relied on by the prosecution was wholly circumstantial. In such cases the facts proven beyond a reasonable doubt must be such as to exclude every reasonable hypothesis inconsistent with the guilt of the defendant.

Obviously, the evidence in this case does not meet this requirement. The liquor in question was not found in the defendant's house, and may have been placed where found ' outside by the occupants of the little house, or by other persons, after the defendant retired for the night and before the officers appeared.

Because the verdict is not sustained by the evidence, the judgment of the lower court is reversed.

BESSEY, P. J., and EDWARDS, J., concur.