BILL DEAN et al. v. STATE.

No. A-5976. Opinion Filed Aug. 8, 1927.
(258 Pac. 812.)

J. H. Hays, and Matson & Mathers, for plaintiffs in error.

Edwin Dabney, Atty. Gen., for the State.

DOYLE, P. J.  The plaintiffs in error, Bill Dean and Oscar Jones, were jointly charged, tried, and convicted on an information charging that they did unlawfully transport one-half pint of corn whisky from a place in Love county unknown to a place on Main street in the city of Marietta, and in accordance with the verdict of the jury they were each sentenced to pay a fine of $50 and be confined in the county jail for 30 days.  To reverse the judgment they appeal and assign as error that the verdict is contrary to law and the evidence and that the court erred in admitting evidence obtained by an unlawful search of one Ford roadster.

The evidence on the part of the state is to the effect that on the evening of the day alleged a Ford roadster with these two defendants in it was parked on Main street in Marietta; that defendants got out of the car and went into Kelley's Drug Store; that when they came out of the drug store they were arrested on a warrant and taken to jail.  The cause for their arrest does not appear to be connected with this prosecution or other alleged violations of the prohibitory liquor laws.

After they were placed in jail the defendant Dean gave the arresting officer the key to the Ford roadster and asked him to give the key to his brother, Fred Dean. The officer took the key, and some time subsequent to their arrest, while the defendants were in jail, and without a search warrant, searched the car and found a small bottle containing about a half pint of whisky concealed in the back part of the car.  Over the defendant's objections the same was offered in evidence.

The undisputed evidence is that the car belonged to

Ed Dean, the father of Bill Dean, and that Ed Dean had the car at Burneyville where he was working on a schoolhouse that day, and that four or five other persons named had all been driving this Ford roadster that day; that at the time of their arrest the defendants were sober.

At the close of the evidence for the state the defendants each moved the court to instruct the jury to find him not guilty. The court overruled the motions.

It appears that the defendant Oscar Jones is a school teacher, and with Dean and others was working on a school building at Burneyville that day and rode home to Marietta in the Ford roadster with Bill Dean. He testified that he knew nothing about the bottle, and that if it was in the car he did not know it; that Fred Dean and Raz Barnes parked the car where it was at the time of his arrest.

The defendant Dean testified that he was sitting on the running board of another car when his brother Fred parked the car, and he said to his brother, "Just leave the car here; I want to go and get some ice;" that he took the key from his brother and went into the drug store; that he did not own the bottle or its contents and knew nothing about it; that he gave the key of the car to the officer to give to his brother Fred.

Fred Dean testified that he parked his father's car in front of the Kelley's Drug Store; that Raz Barnes was with him; that his brother said he wanted the car and he gave him the key.

Raz Barnes testified that he lived next door to the Deans and was in the car with Fred Dean when it was parked in front of the Kelley's Drug Store; that Bill Dean and Oscar Jones were there and said they wanted the car to go and get some ice.

Ed Dean, father of the defendant Dean, testified

that he was the owner of the Ford roadster, and he named five persons that had driven the car that day, hauling water to where they and others were working for him at Burneyville that day.

The evidence tending to show the defendants' guilt was wholly circumstantial. In such cases the facts proven beyond a reasonable doubt must be such as to exclude every reasonable hypothesis inconsistent with the guilt of the defendants. Carney v. State, 29 Okla. Cr. 83, 232 P. 451; Bass v. State, 29 Okla. Cr. 92, 232 P. 955; England v. State, 29 Okla. Cr. 38, 231 P. 1087. Obviously the evidence in this case does not meet this requirement as to the defendant Jones. He had no ownership or control of the car.

It is also contended that the court improperly admitted, over the objection and exception of the defendant Dean, the beer bottle and contents. Without the testimony of the officers as to the search of the car and without the introduction in evidence of the bottle and contents there was no proof of the corpus delicti.

The right without a search warrant contemporaneously to search persons lawfully arrested, and to search the place where the arrest is made in order to find and seize things connected with the crime as its fruits or as the means by which it was committed, is not to be doubted. The legality of the arrest of the defendants is not questioned, but it is insisted that the search of the car was illegal and unauthorized as not made in connection with the charge upon which the warrant of arrest issued, and cannot be justified on the ground that it was a search made incidental to a lawful arrest. In our opinion the evidence was improperly received.

A search which is unlawful when it begins is not made lawful by the discovery that an offense has been

committed. Assuming that the defendant Dean did transport the bottle in his car, that fact not being discoverable without a search of the car, the offense of transporting it was not committed in the presence of the officer, and he had no authority to search the car without a search warrant, and such search and seizure cannot be sustained as an incident of the arrest.

It follows that all the evidence in the case was illegally obtained. The judgment of the lower court is therefore reversed.

EDWARDS and DAVENPORT, JJ., concur.