### ROSS BOND v. STATE.

No. A-8300. April 9, 1932.
(11 Pac. [2d] 200.)

L. A. Justus, Jr., for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Osage county of the crime of sodomy, and his punishment fixed by the court at imprisonment in the state penitentiary for a period of five years.

The evidence of the state is too revolting to set out in this opinion.

Defendant contends, first, that the verdict of the jury is not sustained by the evidence and is contrary to law.

The particular complaint of defendant is that the testimony of the complaining witness is incredible and unbelievable and is not sufficiently corroborated.

The story told by the prosecuting witness standing alone is so astounding as to seem incredible, were it not for the fact that she is corroborated upon practically every material question.   She testified that the acts of sodomy were committed in a violent and brutal manner, sufficient to overcome her resistance, and that her legs and body were bruised, her neck stiff and swollen, and teeth marks upon her body where she was bitten.   An aunt of prosecuting witness, and a nurse who examined her shortly after

the acts complained of, testified that she had numerous bruises and black and blue spots upon her person; that several days after the acts complained of there were plain marks of biting on her body showing at least five pronounced teeth marks; that her neck was stiff and swollen so that it was necessary to turn her body in order to turn her head. The doctor who examined her stated that the rectum had been penetrated by some blunt instrument on numerous occasions; that the mucus membrane was red and swollen, and that there was a discharge caused by infection.

The record discloses that the prosecuting witness left her husband on the morning of October 8th, and complained to her aunt and exhibited the bruises and complaint of her indignities on the same day. It seems incredible that a normal human being could commit such a crime, but the story of the prosecutrix is not unreasonable. Acts of this kind are sometimes committed.

This court has innumerable times held that the weight of the evidence and the credibility of the witnesses is exclusively for the jury; that the function of this court is limited to ascertaining whether there is a basis in the evidence on which the jury could reasonably conclude that the accused is guilty as charged, and, where there is such a basis, the cause will not be reversed for insufficiency of the evidence.

When all of the evidence, facts, and circumstances in the case are considered, there is ample basis for the verdict of guilty.

Defendant next contends that the court erred in overruling his demurrer to the indictment, for the reason that the allegation "on or about the———day of October, 1930," was an insufficient allegation of time and place.

Section 2559, C. O. S. 1921, provides:

"The precise time at which the offense was committed need not be stated in the indictment or information; but it may be alleged to have been committed at any time before the finding thereof, except where the time is a material ingredient in the offense."

In Star v. State, 9 Okla. Cr. 210, 131 Pac. 542, this court had under consideration this question and in the body of the opinion at pages 212-213 of 9 Okla. Cr., 131 Pac. 542, 543, said:

"The contention of counsel for appellant is that time and place should not merely be mentioned at the beginning of the indictment, but should be repeated at each issuable and triable fact. They cite a number of authorities sustaining this contention. There can be no question but that this was the ancient rule, but the conditions which brought this rule into existence have long since passed away and ceased to exist. Originally defendants were not allowed to be represented by counsel or to testify in their own behalf. Neither were they allowed to summon witnesses and place them upon the stand for the purpose of explaining or contradicting testimony for the prosecution. It was deemed derogatory to the crown to permit the witnesses in its behalf to be contradicted. The injustice of these laws was so manifest that the trial judges, in order to mitigate the hardships of the law, invented and built up an artificial technical system for the protection of men charged with crime, who otherwise would be at the mercy of the prosecution. But this condition, as before stated, no longer exists, and the technical system which was built up solely for the purpose of mitigating the rigors of the law should also cease to exist. Even if this did not result from common sense and justice, our statute in express terms repeals the artificial rules of pleading established by the common law. Section 6700, Comp. Laws 1909 [Rev. Laws, § 5742]."

Defendant's counsel made no objection at the time

of the trial to the various dates fixed by the prosecuting witness and made no request that the state be required to elect upon which date and act it would rely for a conviction, but treated the evidence as establishing only one offense.

The right of defendant, in the trial of a case of this character, to compel the state to elect upon which act or date it will rely for a conviction, is one that may be waived, and is waived where proper steps are not taken to bring the question before the court.

Defendant next contends that the court erred in refusing to give his requested instruction to the effect that bastardy proceedings are in the nature of a civil action, and do not constitute a criminal offense.

It appears from the record that the defendant offered evidence to establish his good moral character; that in the cross-examination the state was permitted to ask the witnesses if they had heard of his conviction for bastardy in Okmulgee county. Defendant on cross-examination was also asked if he had been convicted of bastardy. A cross-examination of this kind is proper. Russell v. State, 17 Okla. Cr. 164, 194 Pac. 242; Carroll v. State, 24 Okla. Cr. 26, 215 Pac. 797; Teel v. State, 53 Okla. Cr. 200, 11 Pac. (2d) 197.

The general instructions of the court cover all the issues in the case. It was not error, therefore, for the trial court to refuse the requested instruction.

Defendant complains of other errors, but they are all without substantial merit. The cause is therefore affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.