A. B. BUTTERFIELD v. STATE.

No. A-8679. May 4, 1934.
(32 Pac. [2d] 748.)

442

Joe F. Birge, Charles W. Schwoerke, and A. O. Johnson, for plaintiff in error.

J. Berry King, Atty. Gen., Smith C. Matson, Asst. Atty. Gen., and Hester E. Gifford, for the State.

DAVENPORT, J. The parties will be referred to as they appear in the trial court. The defendant was charged with larceny, convicted, and sentenced to imprisonment in the state penitentiary for one year.

The substance of the testimony is as follows: L. B. Jackson, the owner of the property alleged to have been stolen, stated the property was reasonably worth approximately $50, and was taken without his knowledge or consent. The property taken was five wheels, casings, and tubes of a Ford car.

Bud Johnson testified on behalf of the state that he was a deputy sheriff patrolling the oil fields; on the 17th of May, 1932, about 2 o'clock a. m., he saw the defendant, A. B. Butterfield, and a Mr. Jennings on East Forty-Fourth street, Oklahoma City, Okla.:

"They were driving a Ford roadster in a westerly direction; they turned the lights off on approaching my car; I followed them, blowing a police whistle, and caught them

about a mile from the place I first saw them; the defendant was driving the car; we arrested them and took them to jail; I afterwards found that the wheels belonged to Mr. Jackson; the car belonged to the defendant, Butterfield."

Ossie Rairdon testified he was a deputy sheriff for the I. T. I. O.:

"I accompanied Mr. Johnson on the 17th of May, 1932; I was some distance from Mr. Johnson and did not see the defendant until Mr. Johnson brought him back to where I was; I accompanied Butterfield to jail."

Jack Thomas stated:

"I am a deputy sheriff of Oklahoma county; I had a conversation with the defendant, Butterfield, the morning of May 17, 1932, in which he stated, 'Well, you are so damn smart, find out where we stole them.'"

Defendant had been told that if he would confess the sheriff's office might be able to recommend to the county attorney a light sentence.

George Kerr stated he was a deputy sheriff under Stanley Rogers; he interviewed Butterfield, and he told him he did not care to give him any information.

The defendant took the stand in his own behalf and stated:

"I had the tires and wheels in my car when arrested; Mr. Jennings told me he had found the tires, and I was helping Jennings remove them from the place where he found them by the side of the road; I had no knowledge or suspicion that they were stolen; I did not turn off the lights upon approaching Mr. Johnson; my batteries were bad, causing the lights to flash on and off; I did not know he was an officer and did not hear his police whistle."

George V. King testified the defendant was living at his place at the time the alleged property was stolen; that

the defendant remained at his house that night until after midnight.

The foregoing is all the testimony in this case that is material.

The defendant, in presenting his seven errors, alleged to have been committed by the trial court, divided them and argues them under two propositions, the first being, the verdict and judgment is not sustained by sufficient evidence, and is contrary to law for the reason that the evidence introduced by the state is entirely insufficient and does not raise a sufficient inference of guilt, and does not exclude a reasonable hypothesis of innocence.

It is urged by the defendant that the circumstantial evidence upon which he was convicted is insufficient, and cites De Bose v. State, 18 Okla. Cr. 549, 197 Pac. 176; England v. State, 29 Okla. Cr. 38, 231 Pac. 1087, and other opinions to sustain his contention that the evidence is insufficient and does not exclude a reasonable hypothesis of innocence. In this case there is no dispute as to the defendant and a Mr. Jennings being found in the possession of the property alleged to have been stolen a few hours after it was stolen. The only controversy in the testimony is that the defendant denies he knew the property was stolen or that he had anything to do with it being stolen, stating that Mr. Jennings employed him to move the property from where Jennings claims he found it by the roadside.

The jury heard the evidence, and, after taking into consideration the facts and circumstances connected with the defendant's possession of the stolen property, said it was not satisfied with Butterfield's explanation of the possession of the property. From the testimony it seems that any responsible man called from his bed at midnight, as

the defendant alleges he was, to drive out and help pick up five automobile wheels, tires, and tubes from the roadside, must have known the same were stolen property and should have refused to be a party to the crime. He does not seem to have made inquiry of Jennings as to his knowledge of how the property was located by the roadside where the defendant loaded it into his car.

In considering the sufficiency of the evidence, the function of this court is limited to ascertaining whether there is a basis in the evidence on which the jury could reasonably conclude that the defendant is guilty, as charged, and where there is such a basis the case will not be reversed for insufficiency of the evidence. Bond v. State, 53 Okla. Cr. 224, 11 Pac. (2d) 200.

It has always been held by this court that, where there is any competent evidence from which the jury may reasonably and logically find the guilt of the defendant, the weight and value of such evidence is for the jury, and its verdict will not be disturbed for insufficiency of the evidence.

The jury is the exclusive judge of the weight of the evidence, and, if there is a clear conflict in the evidence, or it is such that different inferences can properly be drawn from it, this determination will not be interfered with unless it is clearly against the weight of the evidence or appears to have been influenced by passion or prejudice. Campbell v. State, 23 Okla. Cr. 250, 214 Pac. 738; Cole v. State, 18 Okla. Cr. 430, 195 Pac. 901; Richards v. State, 22 Okla. Cr. 329, 211 Pac. 515; Bond v. State, 53 Okla. Cr. 224, 11 Pac. (2d) 200.

The evidence clearly establishes the guilt of the defendant.

The second proposition discussed by the defendant is that incompetent evidence was introduced by the defendant to prove the value of the property stolen. The witnesses L. B. Jackson testified as to his experience as an automobile mechanic, and that he knew the value of automobile accessories, and had an idea he would pay about $10 for each wheel, tire, and tube, five of which were taken, and in his opinion these wheels, tires, and tubes taken were worth at least $50. He said, "I am not mentioning new tires, new ones would require a bit more than the value placed on these." The defendant objected to this testimony, but did not offer any testimony to show the value fixed by the witness Jackson was unreasonable.

The defendant relies upon Hoffman v. State, 24 Okla. Cr. 236, 218 Pac. 176, to sustain his position that the evidence is insufficient to show the value of the property sufficient to sustain a charge of grand larceny. In Hoffman v. State, supra, relied upon by the defendant, the defendant claims he was not given a fair opportunity to show, if he could, that the value of the property taken was in fact less than $20. In this case the plaintiff in error made no effort to contradict the value of the property fixed by the state's evidence.

The evidence is sufficient to form a basis for the jury to reasonably and logically conclude that this defendant was guilty of the crime charged. The trial court, in permitting the state's witness to testify to the value of the property stolen, committed no error. The defendant was accorded a fair and impartial trial. There are no errors in the record warranting a reversal.

The judgment of the trial court is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.