**Dewayne L. PERSHICA, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–74–388.**

Court of Criminal Appeals of Oklahoma.

Aug. 14, 1974.

As Corrected Aug. 15, 1974.

James O. Braly, Durant, for appellant.

Larry Derryberry, Atty. Gen., Amalija J. Hodgins, Asst. Atty. Gen., for appellee.

OPINION

BUSSEY, Judge:

Appellant, Dewayne L. Pershica, hereinafter referred to as defendant, was charged, tried (after waiving a jury) and convicted of the crime of Larceny of an Automobile in the District Court, Bryan County, Case No. CRF–73–216. His punishment was fixed at a term of five (5) years imprisonment. From said judgment and sentence a timely appeal has been perfected to this Court.

At the trial William Alfred Scott testified he was employed as a superintendent for Bryco Construction Company of Durant, Oklahoma. On the evening of November 23, 1973, he was in possession and control of a 1969 Chevrolet pickup truck. The truck was leased by his company from Tres Operating and Rental Company and assigned to him by his company. Betweeen the hours of 10:00 p. m., November 23, 1973, and 6:00 a. m., November 24, 1973, the pickup was removed without his consent from its parking place in front of his motel room. Upon discovering the vehicle missing, he contacted his office and obtained the registration number. . He then called the Highway Patrol and the Sheriff's Office. The sheriff informed Scott that the vehicle was stuck in a ditch outside Durant. Scott got a winch truck and proceeded to follow the Sheriff to the vehicle. While en route Scott noticed a truck traveling toward Durant in the opposite direction. Scott alerted the Sheriff by flashing his lights and honking his horn that the pickup in question had just passed them. The Sheriff turned around and pursued the pickup with Scott following. When Scott caught up with the Sheriff, the Sheriff had the pickup stopped and the defendant was sitting in the back seat of the Sheriff's vehicle wearing his (Scott's) shirt.

E. E. Geer testified that pursuant to Mr. Scott's request he and his wife went to their office and while returning noticed the pickup in question proceeding along the highway. He further testified he was present when the pickup was stopped and saw the defendant exit therefrom.

Pearl Geer testified substantially to the same facts as her husband, E. E. Geer, except she could not identify the defendant as the person who was driving the pickup, as she did not look at his face while he (defendant) was in the Sheriff's car.

O. W. Highfill, Sheriff of Bryan County, testified that while on patrol in the early morning hours of November 24, 1973, he found the pickup in question stuck in a ditch and no one was in or around the pickup. Upon discovering it was not reported as being stolen, he assumed it belonged to a local resident. The next morning after being contacted by Mr. Scott, he proceeded to lead Mr. Scott to the location of the pickup. After being advised by Mr. Scott that the pickup had just passed them

proceeding in the opposite direction, Sheriff Highfill began pursuing the pickup, finding it necessary to travel at a rate of speed in excess of 100 miles per hour in order to overtake the pickup. The Sheriff then identified the defendant as the person driving the pickup. After stopping the pickup the Sheriff gave the defendant his Miranda warnings, and the defendant stated that his cousin had acquired the pickup and he did not know where his cousin was. The defendant did not give the Sheriff his cousin's name, but none the less the Sheriff conducted an investigation.

John Jeffreys, Deputy Sheriff, testified he was riding with the Sheriff at the time the pickup was stopped and saw the defendant exit therefrom.

Felix Donald Howard testified that he and his brother, Danny Ray Howard, saw the defendant trying to get the pickup out of the ditch around midnight of November 23, 1973. The defendant and his brother attempted to get the pickup out but were unsuccessful.

Danny Ray Howard testified to essentially the same facts as his brother, Felix.

The State then rested.

The defendant presented three witnesses who testified to the defendant's good reputation for being truthful, law abiding, and peaceful. On cross examination all three of the defendant's character witnesses testified they did not know the defendant had previously been convicted of two felonies.

The defendant then took the stand in his own behalf. He testified he was 22 years old, a resident of Oklahoma City and was employed as a fence builder. He further testified he did not steal the pickup truck and did not know who did. The defendant then testified that during the evening of November 23, 1973, he was hitchhiking from Madill to Durant to visit his cousin. He did not know his cousin's address. He further testified that while hitchhiking he was given a ride by a man whose last name he did not know. He further testified that he and the driver then proceeded back through Durant to the Paradise Bar.

where they stopped for a few beers. They left the bar and were proceeding back to Durant when the pickup truck became stuck in a ditch on a dirt road between the Paradise Bar and Durant. He and the driver were unsuccessful in their attempts to remove the vehicle and walked back to the bar for help. The driver enlisted the aid of an individual at the bar and the two left, leaving the defendant at the bar. After a period of time had passed, the defendant stated that he secured a ride from a fellow patron to the site of the pickup. Upon arriving he discovered that the driver was not there. He attempted to get the vehicle out of the ditch but was unsuccessful even with the aid of the Howard brothers. The defendant stated he then fell asleep in the truck and put on a shirt he found in the cab to keep warm. He testified that in the morning he began walking down the road and was picked up by another man in another truck who helped him pull the pickup out of the ditch. Once he got the pickup on the road he began driving to Durant, where he planned to locate the owner. He concluded his testimony by indicating that he had not told the Sheriff that his cousin had taken the pickup and that his attempts to locate the individual who aided him in removing the vehicle were fruitless.

M. F. Pershica, the defendant's father, testified that he had attempted to locate the driver of the vehicle who had aided his son but that he was unsuccessful.

The defendant's first proposition asserts that the judgment and sentence of the trial court was contrary to the law and the evidence. The defendant's argument under this proposition is that the trial court erred in not giving the evidence concerning his good reputation sufficient weight.

■ This Court in the past has held that evidence of previous good character of a defendant is a matter for the trier of the facts to weigh and consider and give such effect as they think it entitled. See Carney v. State, 29 Okl.Cr. 83, 232 P. 451 (1925).

In the instant case all three of the defendant's character witnesses testified they were not aware of the defendant's previous felony convictions. Coupled with the fact the defendant received a five (5) year sentence when the statute he was tried under provided for a maximum penalty of twenty (20) years, we cannot say the trial court did not give this evidence such weight as the court felt it was entitled to.

The defendant's second proposition asserts the State's evidence was insufficient to show the defendant, without the owner's consent, feloniously took the vehicle in question with the intent to permanently deprive him of its possession. Defendant's argument under this proposition is that the title owner of the vehicle and the individual who had rightful possession of the vehicle were not the same person. The record reveals that the vehicle was owned by Tres Operating and Rental Company, who leased it to Bryco Construction Company, who in turn permanently assigned it to William Scott, an employee. The vehicle was in Mr. Scott's possession at the time it was stolen. At the preliminary hearing the District Attorney was given permission to amend the Information so that it would accurately reflect the ownership of the vehicle. The defendant contends that as the owner of the vehicle was never present in court, its ownership was therefore never established.

In the case of Brannon v. State, 94 Okl.Cr. 261, 234 P.2d 934 (1951), this Court held in syllabus five:

"It is well settled that in a prosecution for larceny, the name of the owner of the property stolen is only required to identify the transaction, so that the defendant, by proper pleading, may protect himself against another prosecution for the same offense. The actual status of the legal title to stolen property is no concern of the thief; so far as he is concerned, one may be taken as the owner who is in possession of the property and was unlawfully disturbed by the taking."

Title 22 O.S.1971, § 406 states:

"When an offense involves the commission of, or an attempt to commit a private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured, or intended to be injured, is not material."

The defendant further contends that there was no evidence to show the defendant feloniously took the vehicle with the intent to deprive the owner thereof permanently of its possession.

In the case of Johnson v. State, Okl.Cr., 451 P.2d 391 (1969) this Court held in syllabus 2:

"Whether or not defendant intended to deprive the owner of his car permanently must be determined by the circumstances in each and every case. No one could truthfully say what defendant's intentions were except by the facts. It would be absurd to expect the defendant to readily admit his intention to deprive the owner of his car permanently."

In the instant case it is our opinion that there were sufficient facts presented for the trier of the facts to determine that defendant intended to deprive the owner of the vehicle permanently. This Court has consistently held that where there is competent evidence in the record from which the trier of the facts could reasonably conclude that defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the trier of the facts to weigh the evidence and determine the facts. See Jones v. State, Okl.Cr., 468 P.2d 805 (1970).

The defendant's final proposition asserts that the punishment is excessive. We need only observe that the punishment was well within the range provided by law, and does not shock the conscience of this

Court. See Turner v. State, Okl.Cr., 479 P.2d 631 (1971).

In conclusion, we observe the record as free of any error which would justify modification or reversal. The judgment and sentence is accordingly affirmed.

BLISS, P. J., and BRETT, J., concur.